**EXCELLO CORPORATION v. CONNOR et al.**

**Civ. No. 881–49.**

United States District Court
D. New Jersey.

March 31, 1950.

5. At page 434 of 287 U.S., at page 204 of 53 S.Ct.

6. At page 454 of 319 U.S., at page 1149 of 63 S.Ct.

Anthony P. Kearns, Newark, N. J., for plaintiff.

William P. Elliott, Plainfield, N. J., for defendants.

SMITH, District Judge.

This action is before the Court at this time on the motion of the defendants to dismiss the complaint for "failure to state a claim upon which relief can be granted." The complaint meets the requirements of Rule 8(a) (2) of the Rules of Civil Procedure, 28 U.S.C.A., and is therefore sufficient. The ground urged by the defendants in their brief is without merit.

 The case of Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 169 F. 2d 580, is dispositive of the only question raised by the motion. It was therein held, 169 F.2d at page 581, that on a motion to dismiss a complaint for failure to state a claim "the complaint must be viewed in the light most favorable to the plaintiff and that the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader [may] be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." See, also, Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635; Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 177 F.2d 529, 531; Asher v. Ruppa, 7 Cir., 173 F.2d 10, 12; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 172 F.2d 601, 603; Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F.2d 404, 407; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318, 320; Garbutt v. Blanding Mines Co., 10 Cir., 141 F.2d 679; Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305, 306. There can be no doubt that the law is now well settled.

There are three additional grounds stated in the defendants' Notice of Motion: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; and (3) improper venue. These grounds have apparently been abandoned by the defendants, but notwithstanding this abandonment, we have considered them and find them to be without merit.

 An examination of the complaint discloses that the jurisdictional allegations are defective in that there is an averment of a "diversity of residence," as distinguished from a "diversity of citizenship." This defect is not fatal if "diversity of citizenship" actually exists. 28 U.S.C.A. § 1653. The plaintiff will be granted leave to amend the jurisdictional allegations.

The motion to dismiss the complaint is denied.