## UNITED STATES v. VIGILANTE.

### Civil A. No. 326–49.

United States District Court
D. New Jersey.

April 17, 1950.

Joseph Stein, New York City, for plaintiff, by Max W. Meisner, Newark, N. J., and Samuel Hodes, New York City, of counsel.

R. Sar Mischiara, Morristown, N. J., for defendant.

FAKE, Chief Judge.

The issues here arise on motion for summary judgment pursuant to Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A.

344

The Court is called upon here to pass upon the truth of an affidavit made by a government attorney, the substance of which is in direct conflict with a well-pleaded allegation in the answer. There is nothing in the affidavit to disclose personal knowledge by the affiant as required by Rule 56(e). It appears to be based largely on hearsay. The courts in this Circuit are stripped of all power so to do. See Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Reynolds Metals Co. v. Metals Disintegrating Co., D.C., 8 F.R.D. 349; affirmed, 3 Cir., 176 F.2d 90.

The issues involved require more than is disclosed by this cold record. See my opinion in U. S. A. v. Sabatino, D.C., 10 F. R.D. 274.

Moreover, the admissions demanded here are substantially denied under oath.

The motion for summary judgment is, therefore, denied in all things.