**330**

VAN BRODE MILLING CO., Inc.,
Plaintiff,

v.

KELLOGG COMPANY and Kellogg
Sales Company, Defendants.

Civ. A. No. 1321.

United States District Court
D. Delaware.

May 17, 1955.

Herbert L. Cobin, Wilmington, Del., and Abraham I. Wolf, New York City, for plaintiff.

David F. Anderson (Berl, Potter & Anderson), Wilmington, Del., Herbert Morton, Chicago, Ill., and Edwin L. Harding, Battle Creek, Mich., for defendants.

RODNEY, District Judge.

This is a motion of the defendants for summary judgment. Some facts are set forth in a prior opinion of this Court in D.C., 113 F.Supp. 845, wherein separate issues were involved and motions for summary judgment thereon were refused.

The present motion brings into view some measure of conflict between two rules of procedure. The complaint was based upon an alleged violation of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq. It generally alleged that the defendants and the plaintiff were engaged in the manufacture of

ready-to-eat cereals; that both were engaged in sales to institutional purchasers as a result of bids and that such business represented about 75% of the plaintiff's business and but 2% or 3% of defendants' business. The complaint alleges that the defendants by monopoly and conspiracy have so reduced the selling price of this institutional bidding to below the cost of production plus a reasonable profit as to underbid the plaintiff to a point where the bids yield no return to the defendants, but that the defendants suffer little financial loss with respect to their whole volume of the cereal business while the plaintiff is forced out of business. The answer categorically denies most of the material allegation.

The present question arises from interrogatories 13, 14 and 15 and their answers. We may bear in mind that the complaint, by paragraphs 7, 9 and 10, had alleged that the defendants had a monopoly in the ready-to-eat cereal business; that paragraph 10 alleged unlawful conbinations, conspiracies and agreements between and among the officers, employees and agents of the defendants. Paragraph 11 alleged that the defendants disseminated to customers of the plaintiff false and disparaging information relative to the plaintiff's products. Interrogatories directed to these allegations have been filed and answered. Two of these interrogatories as indicating the content and the answers are set out in the foot note.[1] Upon these answers by

---

1. Interrogatory No. 14:

"14. In paragraph 10 of plaintiff's complaint it is alleged that 'the defendants and their respective several officers, directors and employees, as aforesaid, combined and conspired to restore their monopoly, and to destroy the business which the plaintiff established, and to exclude it altogether from the business of selling cereals among the several states.' Said paragraph of plaintiff's complaint also alleges other 'agreements' among and between the defendants, their officers, directors and employees, as more particularly set forth therein. With reference to such allegations, please furnish the following information:

"(a) Does plaintiff have in its possession, or know of the existence of any letters, agreements, documents, or other writings, evidencing in whole or in part, any of the agreements alleged in said paragraph 10 of its complaint?

"(b) If the answer to (a) is affirmative, identify the writing, and give the name and address of the custodian thereof.

"(c) Does plaintiff know of any conversations, discussions, conferences, or other verbal communications, constituting in whole or in part, any of the agreents alleged in said paragraph 10 of its complaint?

"(d) If the answer to (c) is affirmative, furnish the following:

"(1) The names and addresses of the persons participating in such oral communications.

"(2) The places at which such communications were had.

"(3) The date of such communications.

"(4) The text or nature of the oral communications.

"(e) Aside from the writings and oral communications designated or described in sub-parts (a), (b), (c) and (d) of this Interrogatory, state what other evidence or information, if any, plaintiff has to support the aforesaid allegations."

Answer to Interrogatory No. 14:

"The names and addresses of the persons who have knowledge of the information sought in this Interrogatory are at the present time unknown to plaintiff; but which, when ascertained, will be furnished to defendants."

Interrogatory No. 15:

"15. In paragraph 11 of plaintiff's complaint it is alleged that 'The defendants have also disseminated among the customers or prospective customers of the plaintiff false and disparaging information as to the quality of its products.' With reference to such allegation, furnish the following information:

"(a) Does plaintiff know of any written communications or other writings sent to, or received by any of the plaintiff's customers containing 'false and disparaging information'? If the answer is affirmative, answer the following:

"(1) Identify each of the written communications or other writings, and give the name and address of the custodian thereof.

"(2) Give the name and address of each customer receiving such a written communication or other writing.

"(3) Give the name and address of the sender of each such written communication or other writing.

the plaintiff, the defendants have moved for summary judgment.

The defendants contend, in effect, that the plaintiff has conceded that there is no factual basis for the allegations of the complaint and that the lack of such factual basis existed when the action was brought and has continued to the present time and that there is, as to such questions, no controverted issue of fact.

The defendants contend that in a consideration of a motion for summary judgment there should be considered the plaintiff's inability to establish a cause of action as disclosed by its sworn answers to interrogatories.[2]

■ Assuming, without further consideration, that interrogatories and their answers are, to be considered on motions for summary judgment in the same manner as affidavits there still remain other matters to receive consideration. In this Circuit it is the law that an affidavit can not be used to controvert a well pleaded allegation of the complaint in order to obtain a summary judgment. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 176 F.2d 90.[3] Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, at page 581, distinctly states "* * * no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it. * * *"[4] While the cited cases have been subject to some criticism and an amendment to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. has been suggested to meet the ruling of the cases[5] yet they still represent the law of this Third Circuit.

It is also true that this present case is somewhat different from the cited cases. Here there is no affidavit by an opposing side controverting an allegation of the pleading. Here it is the same party who filed the pleading who admits by answer to the interrogatory that it had no known factual basis to make the allegation of the pleading even when it was made.

■■ Regardless of Frederick Hart & Co. v. Recordgraph Corp., however, I think the present motion for summary judgment should not be granted at this time. Under all the authorities, a motion for summary judgment should not

"(b) Does plaintiff know of any conversations with, or other verbal communications to any of its customers 'in which such 'false and disparaging information' was transmitted?

"If the answer is affirmative, answer the following:

"(1) The date of each such conversation or other verbal communication.

"(2) The place at which each such conversation or other verbal communication occurred.

"(3) The names and addresses of the participants of each such conversation or other verbal communication.

"(4) The text or nature of each such conversation or other verbal communication.

"(c) If the answers to (a) and (b) above are negative, or if the answers thereto do not furnish the complete facts upon which the aforesaid allegation in paragraph 11 of plaintiff's complaint is based, state in full the basis of such allegation."

Answer to Interrogatory No. 15:

"The names and addresses of the persons who have knowledge of the information sought in this Interrogatory are at the present time unknown to plaintiff; but which, when ascertained, will be furnished to defendants."

2. Munoz v. Merchants' Nat. Bank of Allentown, D.C., 49 F.Supp. 588, 590; Gasifier Mfg. Co. v. Ford Motor Co., D.C., 1 F.R.D. 10; American Airlines v. Ulen, 87 U.S.App.D.C. 307, 186 F.2d 529, 532.

3. See also United States v. Vigilante, D.C., 10 F.R.D. 343; United States v. Bernauer, D.C., 10 F.R.D. 400.

4. See also Pennsylvania Greyhound Lines v. Amalgamated Ass'n, etc., D.C., 105 F. Supp. 537, 541; Ginsburg v. Stern, D.C., 125 F.Supp. 596, 599; Michel v. Meier, D.C., 8 F.R.D. 464, 470; Excello Corp. v. Connor, D.C., 10 F.R.D. 288.

5. National Surety Corporation v. Rollins, D.C., 16 F.R.D. 530; 99 U. of Pa.Law Rev. 212, 214–215; 6 Moore's Federal Practice 56.11 [3].

be granted unless the truth is clear and the moving party is entitled to a judgment beyond all doubt and no genuine issue remains. In this case two diverse principles are involved. Upon the one hand is the principle that an issue of fact set out in the complaint and denied by the answer will prevent the entry of a summary judgment. Some cases hold that the issue of fact being present, the method and extent of the proof of that issue are not to be gone into. Cases hold that the question presented by a motion for summary judgment is whether or not there is a genuine issue of fact, and not how or by what evidence that issue is to be determined.[6] Other authorities hold that the whole purpose of summary judgment would be defeated if a case could be forced to trial by merely contending that an issue exists without any showing of evidence.[7]

 Of course, a party moving for summary judgment (here the defendants), has the burden of showing that no controverted issue of fact exists. All of the cases so hold. In Griffith v. William Penn Broadcasting Co., D.C., 4 F.R.D. 475, 477, it is intimated that if a movant for summary judgment could show from pleadings, depositions, etc., that in the event that the case should proceed to trial that there would be no competent evidence to support the opponent's contention that the burden has been met. In Egyes v. Magyar Nemzeti Bank, 2 Cir., 165 F.2d 539, it was said that a plaintiff opposing a motion by defendant for summary judgment has the burden of showing how he planned to support contentions allegedly presenting issues of fact for trial.

The defendants have a right to know the names of persons cognizant of the facts in controversy who are known to the plaintiff. On the other hand, in many cases such as violations of the anti-trust laws, much material may be gathered by discovery process from the opposing side.

 This case has been pending some five years. There has been much procedural activity and discovery process has been had and the plaintiff has pressed its limited financial resources. I think at some time a plaintiff must be in possession of some factual basis to prove his case. A matter should not be allowed to proceed to actual trial with no knowledge on the part of the plaintiff of any factual basis of his suit or of any witnesses by whom his bare allegation in the complaint may be proved.

 Just as a summary judgment will be granted if the complaint shows no cause of action and just as the expense of a trial should not be incurred if, at a pre-trial procedure a short time before trial, the plaintiff admits he has no evidence to sustain his allegations so the plaintiff's admissions in answer to interrogatories that he has no evidence to sustain his allegations must be given some weight.

 Some difficulty in this case arises from the, perhaps, inexact language of the answers to the interrogatories as not adequately stating the entire information in the possession of the plaintiff. It is pressed upon the Court that the plaintiff knows of the sales but not the exact persons by whom they were made.

It would seem that adequate time has elapsed to allow the plaintiff to ascertain those persons who have some knowledge of the facts alleged in the complaint. However, in order to insure exact justice, I shall allow three months for the plaintiff to obtain such information to more adequately answer the interrogatories. The present motion for summary judgment is refused with permission to renew the motion if, by September 1, 1955, further and more complete answers to the interrogatories are not filed.

6. Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209.

7. 3 Barron & Holtzoff Fed.Prac. & Pro., Page 82.