Opal SHORT and James Short, Plaintiffs,

v.

LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY, Defendant.

Civ. A. No. 591.

United States District Court
E. D. Tennessee,
Winchester Division.

Oct. 6, 1962.

T. Arthur Jenkins, Manchester, Tenn.,
for plaintiffs.

Walter M. Haynes, Winchester, James
H. Henry, Tullahoma, David M. Keeble,
Nashville, Tenn., for defendant.

NEESE, District Judge.

This is a diversity action, 28 U.S.C.
§ 1332, in which the plaintiffs Short sue
the defendant railroad company for per-

sonal injuries and property damage allegedly arising from a collision between an automobile owned by Mr. Short and operated by Mrs. Short and the defendant's locomotive at a downtown crossing in Tullahoma, Tennessee on January 5 1961. *Inter alia,* the defendant pleaded the affirmative defense of accord and satisfaction and now seeks a summary judgment on the basis of a purported release. Rule 56, Federal Rules of Civil Procedure.

■ "The function of a motion for summary judgment, as set forth by this court, is to dispose of cases where there is no genuine issue as to material facts. Harris Stanley Coal & Land Co. v. Chesapeake & Ohio Rd. Co., 6 Cir., 154 F.2d 450, 455." Rogers v. Girard Trust Co., C.A.6th (1947), 159 F.2d 239, 241. It enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried. Engl v. Aetna Life Ins. Co., C.A.2nd (1943), 139 F.2d 469, 472. " * * * Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." Whitaker v. Coleman, C.C.A.5th (1940), 115 F.2d 305, 307.

■ The movant has the burden of demonstrating clearly that there is no genuine issue of fact. Warner v. First Nat. Bank of Minneapolis, C.A.8th (1956), 236 F.2d 853, certiorari denied 352 U.S. 927, 77 S.Ct. 226, 1 L.Ed.2d 162. Any doubt as to the existence of such an issue is resolved against the moving party. Thomas v. Martin, D.C.Tenn. (1949), 8 F.R.D. 638. But, the whole purpose of summary judgment procedures would be defeated if a case could be forced to trial by a mere assertion that a genuine issue exists, without any showing of evidence. Van Brode Milling Co. v. Kellogg Co., D.C.Del. (1955), 132 F.Supp. 330, 333.

■ In support of its motion the defendant railroad company has exhibited ("A") a "form" release executed in Tullahoma on March 13, 1961 by the plaintiffs Short. It is undisputed that this is a valid accord instrument on its face, and that the accord has been duly satisfied. An accord, or release, like any other valid contract, cannot be cancelled or disregarded at the pleasure of only one side to the agreement; it cannot be validly repudiated except for cause. American Textile Machine Corp. v. United States, C.A.6th (1955), 220 F.2d 584, 588 [4–6], reversing D.C.Tenn., 119 F. Supp. 253.

The plaintiffs Short support their replication to the motion with affidavits purporting to show they have cause for the repudiation of their release on the ground that it was " * * * procured by fraudulent misrepresentations." It is alleged, *inter alia,* in these affidavits that the defendant's claim agent led them to believe that the railroad company was liable; that the agent informed the Shorts they " * * * couldn't do anything because we did not have liability insurance" on the automobile involved in the accident; that the agent told them that " * * * if we sued the railroad company they would get my driver's license and my husband's car tags"; that Mrs. Short had to have her driver's license " * * * to get back and forth to work and since he had represented himself to be an attorney I was scared not to sign the release and I persuaded my husband to do likewise"; and that the agent told them about a case he had handled for the railroad company where the police took the driver's license until the parties involved in the wreck with a train signed the release to the railroad company " * * * and led us to believe we would be treated the same way."

(The Court does not find it necessary to detail the countervailing statements in the affidavit of the defendant's claim agent to dispose of the motion.)

It is undisputed that the negotiations of the parties to the release continued for a period of some 60 days, and that all conversations as well as the execution of the release took place at the defend-

ant's railroad depot in Tullahoma. Further, it is undisputed that both the plaintiffs Short are intelligent persons, of lawful ages, and that they understood fully the import of the contract of release they executed and intended that it would terminate the controversy between these parties.

■ This is the state of the record on the motion, and it must be viewed from the position of the trial judge faced with a motion for a directed verdict at the completion of the plaintiffs' case. Sartor v. Arkansas Natural Gas Corp. (1944), 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

Unless the plaintiffs can prove by a preponderance of the evidence that the otherwise valid contract of release they executed was procured by fraud, vitiating it, the defendant's defense of accord and satisfaction has been asserted. American Textile Machinery Corp. v. United States, supra.

■ Ordinarily, the question of whether fraudulent misrepresentations have improperly induced the execution of a release and the attendant effectuation of an accord and satisfaction, is one for the jury; but where the evidence is conclusive in support of the dcfense of accord and satisfaction courts are justified in deciding such question as a matter of law. 1 Am.Jur. 262, Accord and Satisfaction, § 78.

■ Fraud is never presumed; the presumption, rather, is in favor of good faith and honesty and against fraud. Thus parties alleging fraud must establish their charges by a preponderance of the evidence and not leave the matter to mere speculation or guess. Continental Casualty Co. v. First National Bank, C.A.A. 5th (1941), 116 F.2d 885, 887, 135 A.L.R. 1141. See also: Bamberger v. Schoolfield (1895), 160 U.S. 149, 16 S.Ct. 225, 40 L.Ed. 374, and many other decisions of the United States Supreme Court.

■ The factual evidence as gleaned from the affidavits filed in support of, and opposing, the motion fail to demonstrate that any statement made to the plaintiffs Short by the defendant's claim agent was a material misrepresentation. "A misrepresentation is a misstatement of fact ⁎ ⁎ ⁎". 23 Am.Jur. 755, Fraud and Deceit, § 3. Therefore no genuine issue of fact appears in this record which could be submitted for disposition by a jury. Dale Hilton,·Inc. v. Triangle Publications, Inc., D.C.N.Y. (1961), 27 F. R.D. 468, 474.

■ Summary judgment is proper if there is no genuine issue as to any material fact, Rule 56, Federal Rules of Civil Procedure; and, under such circumstances the moving party is entitled to a judgment as a matter of law. Romero v. International Term. Operat. Co. (1959), 358 U.S. 354, 79 S.Ct. 468, 472, 3 L.Ed.2d 368, 374 (n. 4).

On submission of a proper order under the rules of this court, the defendant's motion for a summary judgment will be sustained.