**James Vernon WINTON, Plaintiff,**

**v.**

**TEMPUS CORPORATION, Defendant.**

**Civ. A. No. 873.**

United States District Court
E. D. Tennessee,
Winchester Division.

Aug. 19, 1968.

Garrett, Shields & Rogers, Manchester, Tenn., for plaintiff.

Paul R. Leitner, of Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(b), diversity, 28 U.S.C. § 1332(a)(1), action for damages for personal injuries. The plaintiff claims he was injured at his employment on March 3, 1967 at the headquarters of the Altamil Corporation at Northern Field in Tullahoma, Tennessee, when the drawbar of a defective cavity mill manufactured and sold by this defendant was thrown from a flywheel and struck him. The defendant has interposed a motion for a summary judgment on the ground that there is no genuine issue of material fact between it and the plaintiff, and that it is entitled accordingly to a judgment as a matter of law. Rules 56(b) and (c), Federal Rules of Civil Procedure.

The defendant has served affidavits of its president, its vice president and chief engineer, and the division controller-assistant treasurer, the divisional maintenance supervisor, and a foreman of the Altamil Corporation, all which in the aggregate demonstrate that there was no cavity mill manufactured and sold by this defendant in use at the headquarters of the Altamil Corporation at Northern Field in Tullahoma, Tennessee on March 3, 1967. The plaintiff has served no opposing affidavits, Rule 56(c), Federal Rules of Civil Procedure, and any response by the plaintiff is now deemed to have been waived, local Rule 12(b). It thus appears that the judgment sought by the defendant should be rendered forthwith, the pleadings and affidavits on file showing that there is no genuine issue as to any material fact between the parties and that the defendant is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure.

■ "* * * A summary judgment ought not to be granted in lieu of a trial except where it is clearly appropriate.

" 'This Court [of Appeals for the Sixth Circuit] has on several occasions expressed the view that a trial judge should be slow in disposing of a case of any complexity on a motion for a summary judgment, that while such a judgment wisely used is a praiseworthy and time saving device, yet such prompt dispatch of judicial business is neither the sole nor the primary purpose for which courts have been established, and that a party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one.' S. J. Groves & Sons Company v. Ohio Turnpike Commission, 315 F.2d 235, 237, C.A. 6, Cert. Den. [1963], 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57, and cases therein cited. * * * "

C. F. W. Construction Co. v. Travelers Insurance Company, C.A. 6th (1966), 363 F.2d 557, 559 [1].

■ However, the function of a motion for a summary judgment is to dispose of cases where there is no genuine issue as to material facts. It enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, (it is to carefully test this out, in advance of trial) by inquiring and determining whether such evidence exists. Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.Supp. 549, 550 [1], and cases cited therein. The whole purpose of summary judgment procedures would be defeated if a case could be forced to trial by a mere assertion that a genuine issue exists, without any showing of evidence. Ibid., 213 F.Supp. at 550 [2].

■ The plaintiff will appear by counsel in the courtroom of the United States Courthouse and Post Office Building, Chattanooga, Tennessee, on Wednesday, September 25, 1968, at 2:30 o'clock, EDT, and show any cause he may have why summary judgment should not be entered herein for the defendant forthwith.