

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2001

# Turner v. Philadelphia

Precedential or Non-Precedential:

Docket 00-1519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Turner v. Philadelphia" (2001). *2001 Decisions.* Paper 187.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/187

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 21, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1519

WILLIAM TURNER; YVONNE RUFFIN; JAMES OECHSLE;
GLADYS WOODARD; GEORGE AALBREGTSE; CALVIN
AKERS; ROBERT ALBRIGHT; BARRY AMOS; KEVIN
ANDERSON; ELLIOTT BAILEY; TYRONE BANKS; WILLIAM
BAUER; WILSON BECKWITH, JR.; VITO BENDZIUS;
DEBORAH BLACKMAN; GLENDA BLAKE; LORETTA
BLAKE; BERTRAND BLIER, SR.; JOSEPH BLOCKER;
MARY BONETT; JAMES BOSTON; CHARLES BOTTOMS;
CAROLYN BOYCE; FABIAN BRINSON; VICTOR BROWN;
WILLIAM BRYANT; RALPH BURTON; CARL BURWELL;
VALERIA CARR-PULLEN; JULIE I. CARTER; SHEILA
CATLETT; BARBARA CHAVIS; RODNEY CHRISTIAN;
RONALD CIAVARDONE; EDWARD CLARK; DONNA
COLLIER; RICHARD CONGELOSI; EILEEN COOK; JAMES
COOPER; GENEVIEVE CORBI; JOSEPH COUSER;
EDWARD CRUMP; CLEMON DAVIS; CORNELIA DAVIS;
GLEN DAVIS; NATHANIEL DAVIS; HERMINIO DELGADO;
TERESA DIXON; ELIZABETH DONNELLY; JOHN
DONNELLY; SHAWN DONNELLY; GLORIA DOUGHTY;
FREDERICK DRAKE; KEITH T. DRAKE; RICARDO
DRUMMOND; TIMOTHY DUFFY; DIANA DUKES; FAY
EARLY; CARLOS FELICIANO; ANTHONY FISHER;
CHRISTINE FOWLER; RALPH FOXWORTH; SYBIL
FREEMAN; RICHARD FRENCH; MICHAEL FULLER;
JOSEPH FURNESS; JOHN GALLAGHER; RICHARD
GALLOWAY; LUCINDA GIBBONS; VICTOR GILL; JOAN
GOLDBERG; MICHAEL GOODMAN; LISA GOODS;
DEMETRIA GORDAN; JOHN GREEN; RUTH GREEN;
RONNIE HAAS; NADA HALL; TRACI HALL; ROBIN
HAMES-SMITH; JULIA HAMILTON; CHARLES HAMMOND;
CHARLES HARLEY; JACQUELINE HARRISON; EILEEN
HARVEY; SHARON HATCHER; PATRICK HENDERSON;

SEAN HENDERSON; ELIZABETH HENRY; TRACI HERDER; BURNIE HILL; WILLETTE HILL; GAIL HOLLAND; JACQUELINE HOLLOWAY; STANLEY HOLMES; TRUEMANNA HOWLAND; WILLIAM HUBER; MARY HULL; GERALDINE HUNTER; RONALD HUNTER; MICHAEL INNAMORATO; GLORIA JACKSON; GLORIA JEFFCOAT EDWARDS; ESTELLE JENKINS; GENEVA JOHNSON; HELENE JOHNSON; MELVIN JOHNSON; SAMUEL JOHNSON; ARLETHA JONES; BERTHA JONES; ERNEST JONES; MARGARET JONES; LORNA KAPLAN; THOMAS KEYS; THEODORE KRAUS; JOYCE LAUGHINGHOUSE; TYRA LAWS; WILLIAM E. LAWTON; KEVIN LEE; JOHN LEWIS, SR.; PATRICIA LEWIS; WILLIAM LOGAN; MICHAEL LONG; JOSE LOPEZ; EUGENE LOVE; CHARLES LUBICKY, JR.; ANTHONY LUCAS; ARTHUR LUPTON; MARY HELEN MADDEN; WILFREDO MALAVE; MICHAEL MARATEA; RICHARD MARCHEWKA; RICHARD MARIOTT; GREGORY MARSHALL; GERALD MAY; DARYL McCALL; PAUL McCANN; ARNEIDA McNEIL; DORLEEN McQUEEN; ERMA MERRITT; MARK MICHALOWSKI; DAWN MIDDLETON-BRYANT; MARY MILLER; JONATHAN MOODY, JR.; JACQUELIN MOORE; JOSEPH MOORE; KENNETH MOORE; MICHAEL MORAN; ALVIN MORRIS, JR.; EUGENIA MUHAMMAD; EDWARD MULHOLLAND; LINDA MULLIN; JOHN MUNIZZA; JANICE MURPHY; CLAUDE MYERS; NANETTE NORMAN; JAMES NUSKY, JR.; BERNARDO OLIVER; SUSAN ORTIZ; WILLIAM ORTIZ; DENEAN OSBORNE; BRYAN OUTTERBRIDGE; PAUL PALMER; CLAYTON O. PICKENS; WANDA PICKETT; AARON PIERCE; RENEE POLES; ANTHONY PORTA; CHRISTOPHER PORTA; ANN PORTER; ANNAMARIA POWELL; EARL PRYOR; NINA QUARLES; WILLIAM QUIGLEY; MARIAN REESE; MARSHALL ROBINSON; MARTY ROBINSON; MARTA RODRIGUEZ; JULIA ROGERS; NANCY ROLLINS; WILLIAM ROSS; KEITH RUSSELL; ROBERT RUSSELL; JOHN SAHOU; JOHN SCHMIDT; GEORGE SCOTT; KENNETH SHAW; PETER SHAW; LISA SHELTON; ROBERT SHELTON; CATHERINE SHIRLEY; KATIE SINGLETON; EUGENE SMITH; KEVIN SMITH; PHYLLIS SMITH; ROOSEVELT SMITH; SHARON SMITH; SIDNEY SMITH; FRANCINE SMITH-SHELTON;

VERONICA SMOKES; CHARLENE SNEAD; RICHARD SPINELLI; CHARLES SPORT; DENISE ST. JOHN; MARY STATON; LATANYA M. STEPHENSON; PAMELA L. STEVENS; WILLIAM E. STEWART, JR.; CHERYL STOVALL; NATHANIEL SULLIVAN; ALBERT SWINDLE, JR.; JOHN TARCZEWSKI; ANIKA TAYLOR; BARBARA THOMAS; PATRICIA THOMAS; BRADFORD THOMPSON; FLOYD TILLMAN; DONALD TOMES; GEORGE TRAPP; KIMTHIA TRUESDALE; JANICE TURNER; CHARLES TURPIN; CORNELL TYLER; UFA UTLEY; LILLIAN WALKER; WAYNE WALLACE; MICHAEL WEAVER; FREDERICK WEBB; THERESA WEBER; BERNADETTE WEST; ROCHELLE WHITTINGTON; RONALD WILCH; FRED WILEY; IRIS N. WILEY; WILLIAM WILEY; RONALD WILKINS; ERIC WILLIAMS; JIMMY WILLIAMS; IRVIN WYATT; PATRICIA YOUNG; TIMOTHY YOUNG, Appellants

v.

CITY OF PHILADELPHIA; THOMAS COSTELLO, PRISONS COMMISSIONER

On Appeal From the United States District Court For the Eastern District of Pennsylvania
(D.C. Civ. No. 98-cv-02990)
District Judge: Honorable Jay C. Waldman

Argued: July 31, 2001

Before: BECKER, Chief Judge, McKEE, and WEIS, Circuit Judges.

(Filed: August 21, 2001)

ROBERT GOGGIN, ESQUIRE
William L. Keller & Associates, P.C.
1528 Walnut Street
Philadelphia, PA 19107

WALTER WEIR, JR., ESQUIRE
RICHARD P. COE, JR., ESQUIRE
 (ARGUED)
Weir & Partners, LLP
1339 Chestnut Street
Suite 500,
The Widener Building
Philadelphia, PA 19107

Counsel for Appellants

MARK J. FOLEY, ESQUIRE
RAYMOND A. KRESGE, ESQUIRE
 (ARGUED)
GEORGE A. VOEGELE, JR.,
 ESQUIRE
Klett, Rooney, Lieber &
 Schorling, P.C.
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756

Counsel for Appellees

OPINION OF THE COURT

BECKER, Chief Judge.

This is an appeal from an order of the District Court granting summary judgment for the defendants in a class action suit brought by over 200 current and former corrections officers against the City of Philadelphia and the City Prisons Commissioner. The officers, seeking overtime compensation under the Fair Labor Standards Act (FLSA) for the time they spent changing into and out of their uniforms, demand $1.4 million in overtime back pay for this change time, along with $1.4 million in liquidated damages, attorneys fees, and a court order requiring change time compensation in the future. For the reasons that follow, we affirm.

4

I.

The FLSA actually speaks directly to this issue. Under S 207(a)(1), employers must pay their employees an overtime wage for hours worked in excess of forty hours per week. See 29 U.S.C. S 207(a)(1). We assume arguendo, as plaintiffs would have us do, that clothes and uniform change time would ordinarily be included within hours worked.1 Section 203(o), however, provides a specific exclusion from the calculation of hours worked for clothes and uniform change time:

> Hours Worked.--In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

29 U.S.C. S 203(o). The express terms of the relevant collective bargaining agreement in this case do not mention an exclusion of change time from hours worked. The dispositive issue, therefore, is whether there is a "custom or practice under a bona fide collective-bargaining agreement" in the Philadelphia corrections system of excluding change time from compensable hours worked.

Because this is an appeal from the grant of summary judgment in favor of the defendants, in order to succeed on appeal plaintiffs need to demonstrate that there is a genuine issue of material fact as to whether such a "custom or practice under a bona fide collective-bargaining agreement" exists. Judge Waldman, the author of the District Court's opinion, did not think such a genuine issue was created, in light of the following uncontroverted facts:

> (1) The City of Philadelphia has not compensated corrections officers for change time for over 30 years.

> (2) Every collective bargaining agreement between the

_____

1. Defendants do not dispute this point.

5

City of Philadelphia and the corrections officers' union
--the American Federation of State, County and
Municipal Employees District Council 33, Local 159B--
has been silent as to compensation for uniform change
time.

(3) William Turner, one of the lead plaintiffs, served for
some time as the union's president. During his tenure
(between June 1994 and June 1997), he proposed at
several labor management meetings with the
Commissioner and Deputy Commissioner of Prisons,
and with Philadelphia's Labor Relations Administrator,
that change time be made compensable. However, the
union did not make this request in formal collective
bargaining negotiations. At the same time, the union
did ask for and receive a uniform maintenance
allowance and overtime compensation for the one hour
per week that corrections officers spent at mandatory
pre-shift roll calls.

(4) The union never filed a grievance or demanded
arbitration based on the non-compensability of change
time.

II.

According to Judge Waldman, corrections officers'
acquiescence to not being compensated for change time can
constitute a "custom or practice under a bona fide
collective-bargaining agreement" for purposes of S 203(o).
See Turner v. City of Philadelphia, 96 F. Supp. 2d 460, 461-
62 (E.D. Pa. 2000). Judge Waldman believed that the
uncontroverted facts listed above sufficed to establish
acquiescence on the officers' part. Consequently, he
concluded that there was no genuine issue of material fact
as to the existence of such a "custom or practice under a
bona fide collective-bargaining agreement," and entered
summary judgment for the defendants. We agree.

The sole legal issue, both before Judge Waldman and
again on this appeal, concerns the proper reading of the
phrase "custom or practice under a collective-bargaining
agreement." Plaintiffs have insisted that a "custom or
practice" within the meaning of S 203(o ) cannot arise unless

6

the particular issue that is the subject of the "custom or practice" was raised in formal collective bargaining negotiations. We have examined the cases cited by plaintiffs in their briefs in support of this proposition, see, e.g., Arcadi v. Nestle Food Corp., 38 F.3d 672, 675 (2d Cir. 1994); Hoover v. Wyandotte Chems. Corp., 455 F.2d 387, 389 (5th Cir. 1972); Williams v. W.R. Grace & Co., Davidson Chem. Div., 247 F. Supp. 433, 435 (E.D. Tenn. 1965); none of these cases, however, makes the existence of formal negotiations a necessary element.[2]

Plaintiffs' reading of 203(o)'s "custom or practice" exclusion turns heavily on their interpretation of the phrase "under a bona fide collective-bargaining agreement." 29 U.S.C. S 203(o). According to plaintiffs, the phrase "under a bona fide collective-bargaining agreement" means that a "custom or practice" of non-compensability cannot come into being unless (1) the issue of compensability is specifically raised in formal collective bargaining negotiations, and then (2) dropped by the negotiators.[3] Stated in a slightly different fashion, plaintiffs argue that they cannot have forfeited their FLSA right to change time compensation time by having failed to contest the Department of Corrections' 30-year-old policy of non-compensability; in their submission, to establish a "custom or practice under a bona fide collective-bargaining agreement" for S 203(o) purposes, one must show a specific abandonment of the compensability issue at a formal negotiation session.

We think that plaintiffs interpret the phrase "custom or practice under a bona fide collective-bargaining agreement" too narrowly, placing undue emphasis on the clause "under

_____

2. Defendants in fact point to a decision from the District Court for the Northern District of Texas, which states: "The parties are not required to have raised the issue of not compensating employees for clothes-changing time in formal collective bargaining negotiations for the provisions of 29 U.S.C. S 203(o) to apply." Bejil v. Ethicon, Inc., 125 F. Supp. 2d 192, 197 (N.D. Tex. 2000).

3. If the formal collective bargaining negotiations result in the inclusion of a specific non-compensability provision in the collective bargaining agreement, the S 203(o) exclusion would apply because change time is made non-compensable by the "express terms of " the agreement.

7

a bona fide collective-bargaining agreement" while virtually reading the clause "custom or practice" out of S 203(o). In essence, plaintiffs construe "custom or practice under a bona fide collective-bargaining agreement" as "custom or practice established through formal collective bargaining negotiations." To the contrary, we view the phrase as simply restating the well-established principle of labor law that a particular custom or practice can become an implied term of a labor agreement through a prolonged period of acquiescence. See, e.g., Detroit & Toledo Shore Line R.R. Co. v. United Transp. Union, 396 U.S. 142, 153-54 (1969); Bonnell/Tredegar Indus., Inc. v. NLRB, 46 F.3d 339, 344 (4th Cir. 1995); Railway Labor Executives Ass'n v. Norfolk & Western Ry. Co., 833 F.2d 700, 705 (7th Cir. 1987); Brotherhood of Maintenance of Way Employees v. Chicago & North Western Transp. Co., 827 F.2d 330, 334 (8th Cir. 1987).

Moreover, as Judge Waldman observed when plaintiffs made this legal contention, plaintiffs have offered no good reason justifying their proposed reading. See Turner, 96 F. Supp. 2d at 463. At oral argument on this appeal, plaintiffs did offer a slim rationale, which we find unpersuasive. Plaintiffs argued that formal negotiations are required for a "custom or practice" of non-compensability to exist because plaintiffs have a pre-existing statutory right under the FLSA to compensation for uniform change time. The fatal flaw in plaintiffs' rationale, however, is its failure to acknowledge that the scope of this FLSA right is specifically cabined by S 203(o)'s "custom or practice" exclusion, i.e., its exclusion from compensable hours worked of "any time spent in changing clothes . . . which was excluded from measured working time . . . by the express terms of or by custom or practice under a bona fide collective-bargaining agreement." 29 U.S.C. S 203(o). The fact that plaintiffs may possess a general, antecedent right under the FLSA to have change time included in compensable hours worked, therefore, is simply irrelevant to the logically subsequent question whether a "custom or practice" of non-compensation existed, thereby triggering S 203(o)'s provision mandating that the change time covered by that "custom or practice" be excluded from compensable hours worked.

8

III.

Because the uncontroverted facts establish plaintiffs' long-standing acquiescence to a "custom or practice" of the non-compensability of change time, the judgment of the District Court will be affirmed.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

9