262 F.3d 222 (3rd Cir. 2001)
 WILLIAM TURNER; YVONNE RUFFIN; JAMES OECHSLE; GLADYS WOODARD; GEORGE AALBREGTSE; CALVIN AKERS; ROBERT ALBRIGHT; BARRY AMOS; KEVIN ANDERSON; ELLIOTT BAILEY; TYRONE BANKS; WILLIAM BAUER; WILSON BECKWITH, JR.; VITO BENDZIUS; DEBORAH BLACKMAN; GLENDA BLAKE; LORETTA BLAKE; BERTRAND BLIER, SR.; JOSEPH BLOCKER; MARY BONETT; JAMES BOSTON; CHARLES BOTTOMS; CAROLYN BOYCE; FABIAN BRINSON; VICTOR BROWN; WILLIAM BRYANT; RALPH BURTON; CARL BURWELL; VALERIA CARR-PULLEN; JULIE I. CARTER; SHEILA CATLETT; BARBARA CHAVIS; RODNEY CHRISTIAN; RONALD CIAVARDONE; EDWARD CLARK; DONNA COLLIER; RICHARD CONGELOSI; EILEEN COOK; JAMES COOPER; GENEVIEVE CORBI; JOSEPH COUSER; EDWARD CRUMP; CLEMON DAVIS; CORNELIA DAVIS; GLEN DAVIS; NATHANIEL DAVIS; HERMINIO DELGADO; TERESA DIXON; ELIZABETH DONNELLY; JOHN DONNELLY; SHAWN DONNELLY; GLORIA DOUGHTY; FREDERICK DRAKE; KEITH T. DRAKE; RICARDO DRUMMOND; TIMOTHY DUFFY; DIANA DUKES; FAY EARLY; CARLOS FELICIANO; ANTHONY FISHER; CHRISTINE FOWLER; RALPH FOXWORTH; SYBIL FREEMAN; RICHARD FRENCH; MICHAEL FULLER; JOSEPH FURNESS; JOHN GALLAGHER; RICHARD GALLOWAY; LUCINDA GIBBONS; VICTOR GILL; JOAN GOLDBERG; MICHAEL GOODMAN; LISA GOODS; DEMETRIA GORDAN; JOHN GREEN; RUTH GREEN; RONNIE HAAS; NADA HALL; TRACI HALL; ROBIN HAMES-SMITH; JULIA HAMILTON; CHARLES HAMMOND; CHARLES HARLEY; JACQUELINE HARRISON; EILEEN HARVEY; SHARON HATCHER; PATRICK HENDERSON; SEAN HENDERSON; ELIZABETH HENRY; TRACI HERDER; BURNIE HILL; WILLETTE HILL; GAIL HOLLAND; JACQUELINE HOLLOWAY; STANLEY HOLMES; TRUEMANNA HOWLAND; WILLIAM HUBER; MARY HULL; GERALDINE HUNTER; RONALD HUNTER; MICHAEL INNAMORATO; GLORIA JACKSON; GLORIA JEFFCOAT EDWARDS; ESTELLE JENKINS; GENEVA JOHNSON; HELENE JOHNSON; MELVIN JOHNSON; SAMUEL JOHNSON; ARLETHA JONES; BERTHA JONES; ERNEST JONES; MARGARET JONES; LORNA KAPLAN; THOMAS KEYS; THEODORE KRAUS; JOYCE LAUGHINGHOUSE; TYRA LAWS; WILLIAM E. LAWTON; KEVIN LEE; JOHN LEWIS, SR.; PATRICIA LEWIS; WILLIAM
LOGAN; MICHAEL LONG; JOSE LOPEZ; EUGENE LOVE; CHARLES LUBICKY, JR.; ANTHONY LUCAS; ARTHUR LUPTON; MARY HELEN MADDEN; WILFREDO MALAVE; MICHAEL MARATEA; RICHARD MARCHEWKA; RICHARD MARIOTT; GREGORY MARSHALL; GERALD MAY; DARYL MCCALL; PAUL MCCANN; ARNEIDA MCNEIL; DORLEEN MCQUEEN; ERMA MERRITT; MARK MICHALOWSKI; DAWN MIDDLETON-BRYANT; MARY MILLER; JONATHAN MOODY, JR.; JACQUELIN MOORE; JOSEPH MOORE; KENNETH MOORE; MICHAEL MORAN; ALVIN MORRIS, JR.; EUGENIA MUHAMMAD; EDWARD MULHOLLAND; LINDA MULLIN; JOHN MUNIZZA; JANICE MURPHY; CLAUDE MYERS; NANETTE NORMAN; JAMES NUSKY, JR.; BERNARDO OLIVER; SUSAN ORTIZ; WILLIAM ORTIZ; DENEAN OSBORNE; BRYAN OUTTERBRIDGE; PAUL PALMER; CLAYTON O. PICKENS; WANDA PICKETT; AARON PIERCE; RENEE POLES; ANTHONY PORTA; CHRISTOPHER PORTA; ANN PORTER; ANNAMARIA POWELL; EARL PRYOR; NINA QUARLES; WILLIAM QUIGLEY; MARIAN REESE; MARSHALL ROBINSON; MARTY ROBINSON; MARTA RODRIGUEZ; JULIA ROGERS; NANCY ROLLINS; WILLIAM ROSS; KEITH RUSSELL; ROBERT RUSSELL; JOHN SAHOU; JOHN SCHMIDT; GEORGE SCOTT; KENNETH SHAW; PETER SHAW; LISA SHELTON; ROBERT SHELTON; CATHERINE SHIRLEY; KATIE SINGLETON; EUGENE SMITH; KEVIN SMITH; PHYLLIS SMITH; ROOSEVELT SMITH; SHARON SMITH; SIDNEY SMITH; FRANCINE SMITH-SHELTON; VERONICA SMOKES; CHARLENE SNEAD; RICHARD SPINELLI; CHARLES SPORT; DENISE ST. JOHN; MARY STATON; LATANYA M. STEPHENSON; PAMELA L. STEVENS; WILLIAM E. STEWART, JR.; CHERYL STOVALL; NATHANIEL SULLIVAN; ALBERT SWINDLE, JR.; JOHN TARCZEWSKI; ANIKA TAYLOR; BARBARA THOMAS; PATRICIA THOMAS; BRADFORD THOMPSON; FLOYD TILLMAN; DONALD TOMES; GEORGE TRAPP; KIMTHIA TRUESDALE; JANICE TURNER; CHARLES TURPIN; CORNELL TYLER; UFA UTLEY; LILLIAN WALKER; WAYNE WALLACE; MICHAEL WEAVER; FREDERICK WEBB; THERESA WEBER; BERNADETTE WEST; ROCHELLE WHITTINGTON; RONALD WILCH; FRED WILEY; IRIS N. WILEY; WILLIAM WILEY; RONALD WILKINS; ERIC WILLIAMS; JIMMY WILLIAMS; IRVIN WYATT; PATRICIA YOUNG; TIMOTHY YOUNG, APPELLANTS
v.
CITY OF PHILADELPHIA; THOMAS COSTELLO, PRISONS COMMISSIONER
 No. 00-1519
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 Argued: July 31, 2001
Filed: August 21, 2001
 
 On Appeal From the United States District Court For the Eastern District of Pennsylvania (D.C. Civ. No. 98-cv-02990) District Judge: Honorable Jay C. WaldmanRobert Goggin, Esquire William L. Keller & Associates, P.C. 1528 Walnut Street Philadelphia, PA 19107 Walter Weir, Jr., Esquire Richard P. Coe, Jr., Esquire (argued) Weir & Partners, Llp 1339 Chestnut Street Suite 500, The Widener Building Philadelphia, PA 19107 Counsel for Appellants
 Mark J. Foley, Esquire Raymond A. Kresge, Esquire (argued) George A. Voegele, Jr., Esquire Klett, Rooney, Lieber & Schorling, P.C. Two Logan Square, 12th Floor Philadelphia, PA 19103-2756 Counsel for Appellees
 Before: Becker, Chief Judge, McKEE, and Weis, Circuit Judges.
 OPINION OF THE COURT
 Becker, Chief Judge.
 
 
 1
 This is an appeal from an order of the District Court granting summary judgment for the defendants in a class action suit brought by over 200 current and former corrections officers against the City of Philadelphia and the City Prisons Commissioner. The officers, seeking overtime compensation under the Fair Labor Standards Act (FLSA) for the time they spent changing into and out of their uniforms, demand $1.4 million in overtime back pay for this change time, along with $1.4 million in liquidated damages, attorneys fees, and a court order requiring change time compensation in the future. For the reasons that follow, we affirm.
 
 I.
 
 2
 The FLSA actually speaks directly to this issue. Under S 207(a)(1), employers must pay their employees an overtime wage for hours worked in excess of forty hours per week. See 29 U.S.C. S 207(a)(1). We assume arguendo, as plaintiffs would have us do, that clothes and uniform change time would ordinarily be included within hours worked.[1] Section 203(o), however, provides a specific exclusion from the calculation of hours worked for clothes and uniform change time:
 
 
 3
 Hours Worked.--In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.
 
 
 4
 29 U.S.C. S 203(o). The express terms of the relevant collective bargaining agreement in this case do not mention an exclusion of change time from hours worked. The dispositive issue, therefore, is whether there is a"custom or practice under a bona fide collective-bargaining agreement" in the Philadelphia corrections system of excluding change time from compensable hours worked.
 
 
 5
 Because this is an appeal from the grant of summary judgment in favor of the defendants, in order to succeed on appeal plaintiffs need to demonstrate that there is a genuine issue of material fact as to whether such a"custom or practice under a bona fide collective-bargaining agreement" exists. Judge Waldman, the author of the District Court's opinion, did not think such a genuine issue was created, in light of the following uncontroverted facts:
 
 
 6
 (1) The City of Philadelphia has not compensated corrections officers for change time for over 30 years.
 
 
 7
 (2) Every collective bargaining agreement between the City of Philadelphia and the corrections officers' union --the American Federation of State, County and Municipal Employees District Council 33, Local 159B--has been silent as to compensation for uniform change time.
 
 
 8
 (3) William Turner, one of the lead plaintiffs, served for some time as the union's president. During his tenure (between June 1994 and June 1997), he proposed at several labor management meetings with the Commissioner and Deputy Commissioner of Prisons, and with Philadelphia's Labor Relations Administrator, that change time be made compensable. However, the union did not make this request in formal collective bargaining negotiations. At the same time, the union did ask for and receive a uniform maintenance allowance and overtime compensation for the one hour per week that corrections officers spent at mandatory pre-shift roll calls.
 
 
 9
 (4) The union never filed a grievance or demanded arbitration based on the non-compensability of change time.
 
 II.
 
 10
 According to Judge Waldman, corrections officers' acquiescence to not being compensated for change time can constitute a "custom or practice under a bona fide collective-bargaining agreement" for purposes ofS 203(o). See Turner v. City of Philadelphia, 96 F. Supp. 2d 460, 461-62 (E.D. Pa. 2000). Judge Waldman believed that the uncontroverted facts listed above sufficed to establish acquiescence on the officers' part. Consequently, he concluded that there was no genuine issue of material fact as to the existence of such a "custom or practice under a bona fide collective-bargaining agreement," and entered summary judgment for the defendants. We agree.
 
 
 11
 The sole legal issue, both before Judge Waldman and again on this appeal, concerns the proper reading of the phrase "custom or practice under a collective-bargaining agreement." Plaintiffs have insisted that a "custom or practice" within the meaning of S 203(o ) cannot arise unless the particular issue that is the subject of the"custom or practice" was raised in formal collective bargaining negotiations. We have examined the cases cited by plaintiffs in their briefs in support of this proposition, see, e.g., Arcadi v. Nestle Food Corp., 38 F.3d 672, 675 (2d Cir. 1994); Hoover v. Wyandotte Chems. Corp., 455 F.2d 387, 389 (5th Cir. 1972); Williams v. W.R. Grace & Co., Davidson Chem. Div., 247 F. Supp. 433, 435 (E.D. Tenn. 1965); none of these cases, however, makes the existence of formal negotiations a necessary element.[2]
 
 
 12
 Plaintiffs' reading of 203(o)'s "custom or practice" exclusion turns heavily on their interpretation of the phrase "under a bona fide collective-bargaining agreement." 29 U.S.C. S 203(o). According to plaintiffs, the phrase "under a bona fide collective-bargaining agreement" means that a "custom or practice" of non-compensability cannot come into being unless (1) the issue of compensability is specifically raised in formal collective bargaining negotiations, and then (2) dropped by the negotiators.[3] Stated in a slightly different fashion, plaintiffs argue that they cannot have forfeited their FLSA right to change time compensation time by having failed to contest the Department of Corrections' 30-year-old policy of non-compensability; in their submission, to establish a"custom or practice under a bona fide collective-bargaining agreement" for S 203(o) purposes, one must show a specific abandonment of the compensability issue at a formal negotiation session.
 
 
 13
 We think that plaintiffs interpret the phrase "custom or practice under a bona fide collective-bargaining agreement" too narrowly, placing undue emphasis on the clause"under a bona fide collective-bargaining agreement" while virtually reading the clause "custom or practice" out ofS 203(o). In essence, plaintiffs construe "custom or practice under a bona fide collective-bargaining agreement" as"custom or practice established through formal collective bargaining negotiations." To the contrary, we view the phrase as simply restating the well-established principle of labor law that a particular custom or practice can become an implied term of a labor agreement through a prolonged period of acquiescence. See, e.g., Detroit & Toledo Shore Line R.R. Co. v. United Transp. Union, 396 U.S. 142, 153-54 (1969); Bonnell/Tredegar Indus., Inc. v. NLRB, 46 F.3d 339, 344 (4th Cir. 1995); Railway Labor Executives Ass'n v. Norfolk & Western Ry. Co., 833 F.2d 700, 705 (7th Cir. 1987); Brotherhood of Maintenance of Way Employees v. Chicago & North Western Transp. Co., 827 F.2d 330, 334 (8th Cir. 1987).
 
 
 14
 Moreover, as Judge Waldman observed when plaintiffs made this legal contention, plaintiffs have offered no good reason justifying their proposed reading. See Turner, 96 F. Supp. 2d at 463. At oral argument on this appeal, plaintiffs did offer a slim rationale, which we find unpersuasive. Plaintiffs argued that formal negotiations are required for a "custom or practice" of non-compensability to exist because plaintiffs have a pre-existing statutory right under the FLSA to compensation for uniform change time. The fatal flaw in plaintiffs' rationale, however, is its failure to acknowledge that the scope of this FLSA right is specifically cabined by S 203(o)'s "custom or practice" exclusion, i.e., its exclusion from compensable hours worked of "any time spent in changing clothes . . . which was excluded from measured working time . . . by the express terms of or by custom or practice under a bona fide collective-bargaining agreement." 29 U.S.C. S 203(o). The fact that plaintiffs may possess a general, antecedent right under the FLSA to have change time included in compensable hours worked, therefore, is simply irrelevant to the logically subsequent question whether a "custom or practice" of non-compensation existed, thereby triggering S 203(o)'s provision mandating that the change time covered by that "custom or practice" be excluded from compensable hours worked.
 
 III.
 
 15
 Because the uncontroverted facts establish plaintiffs' long-standing acquiescence to a "custom or practice" of the non-compensability of change time, the judgment of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Defendants do not dispute this point.
 
 
 [2]
 Defendants in fact point to a decision from the District Court for the Northern District of Texas, which states: "The parties are not required to have raised the issue of not compensating employees for clothes-changing time in formal collective bargaining negotiations for the provisions of 29 U.S.C. S 203(o) to apply." Bejil v. Ethicon, Inc., 125 F. Supp. 2d 192, 197 (N.D. Tex. 2000).
 
 
 [3]
 If the formal collective bargaining negotiations result in the inclusion of a specific non-compensability provision in the collective bargaining agreement, the S 203(o) exclusion would apply because change time is made non-compensable by the "express terms of " the agreement.