John **WILLIAMS** et al., Plaintiffs,

v.

**W. R. GRACE & COMPANY, DAVIDSON CHEMICAL DIVISION, and Nuclear Fuel Services, Inc., Defendants.**

**Civ. A. No. 1840.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Aug. 18, 1965.

H. Calvin Walter, Knoxville, Tenn., for plaintiffs.

Hodges, Doughty & Carson, Knoxville, Tenn., J. H. Doughty, Knoxville, Tenn., of counsel, for defendants.

NEESE, District Judge.

This is a class action by the plaintiffs and other employees similarly situated who seek to recover overtime compensation for time spent in clothes-changing and washing following the completion of their normal working hours on jobs which sometimes result in dangerous contamination of their clothing and persons in the performance of their employment functions. 29 U.S.C. § 207. The defendants filed a motion for a summary judgment, Rule 56, Federal Rules of Civil Procedure, contending that, as a matter of law, such payments are excluded by custom and practice under collective bargaining agreements between and among the parties litigant, 29 U.S.C. § 203(o).

In the process of a pretrial conference, Rule 16, Federal Rules of Civil Procedure, it was conceded that the Court might dispose of the matter on the basis of the claims of the parties, admissions and stipulations of counsel at the conference, and, of course, the Court may also consider affidavits supporting the

motion for a summary judgment as to matters otherwise outside the pleadings. Rules 56(c) and (e), supra.

" * * * 'The function of a motion for summary judgment * * * is to dispose of cases where there is no genuine issue as to material facts. * * * It enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried. * * * Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists.' * * *

" * * * The movant has the burden of demonstrating clearly that there is no genuine issue of fact. * * * Any doubt as to the existence of such an issue is resolved against the moving party. * * * But, the whole purpose of summary judgment procedures would be defeated if a case could be forced to trial by a mere assertion that a genuine issue exists, without any showing of evidence. * * *

* * * * *

" * * * (T)he record on the motion * * * must be viewed from the position of the trial judge faced with a motion for a directed verdict at the completion of the plaintiff's case. * * * " Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.Supp. 549, 550 [1, 2], 551 [4].

■ The evidence in support of the defendants' motion is in affidavit form. Rule 56 (b), (c) and (e), supra. The plaintiffs may not rest upon the mere allegations in their complaint or their claims in the pretrial order, and they have not responded, by counter-affidavits or otherwise as provided in the said

Rule, supra, setting forth specific facts showing that there is a genuine issue for trial. Rule 56(e), supra.

The evidence before the Court for the purposes of this motion discloses that in negotiations prior to the bargaining agreements effective January 25, 1960 and March 10, 1961 (the latter contract having a three-year term and following a strike by the defendants' employees on this and other issues), the defendants' employees demanded overtime compensation for time expended in clothes-changing and washing at the end of each shift. In each instance, however, this demand was abandoned before the negotiations were consummated. Nevertheless, in the second year of the three-year contract, the said employees' representatives threatened to file a complaint on the issue with the United States Department of Labor. When the defendants, in the face of such threat, refused to change the custom and practice of nonpayment for such time, the plaintiffs' trade union filed a grievance raising this issue.[1] The defendants denied the validity of this grievance, but the aforesaid trade union pursued the matter no further either by appeal or by submission of the issue to arbitration (as permitted under the bargaining agreement).

During negotiations for the 1964 contract between and among the parties, the plaintiffs' representatives renewed their demand as to this issue. There was agreement eventually that time used by such employees in the decontamination of the defendants' personnel would be paid thereafter at overtime rates,[2] but that time used by such employees in changing clothes would not be compensable.

The new agreement, effective March 10, 1964, provided that the inclusion of overtime compensation for decontami-

---

1. The grievance was filed on February 4, 1963.

2. When an employee was checked by the defendants' plant health and safety technician and found to be contaminated to an extent exceeding permissible limits and

was sent back to shower or wash-up, he was considered by the parties to be then on overtime until "decontaminated" and released to leave the premises of the defendants.

**435**

nation, supra, should "* * * not be construed as a waiver of the practice to [that] date * * *, nor * * * be a waiver of liability or a release of liability of any of the employees who [had] claims against the [defendants] growing out of the prior past practice hereto which claims [were then] being processed on behalf of said employees under the Wage and Hour Law." [3]

 The Wages and Hours Law excludes washing-up and clothes-changing time from overtime wages where such time is excluded by custom or practice under collective bargaining agreements, such as those extant between the plaintiffs and the defendants, 29 U.S.C. § 203 (o); cf. Steiner v. Mitchell (1956), 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267, 273 (headnote 5). The defendants have shown conclusively, and without dispute, that the history of their dealings with the plaintiffs' trade union was that a custom and practice were followed exempting clothes-changing and washing time from wage-payment. They have shown also that this problem was consistently an active issue in the negotiations leading up to the bargaining agreements. Nardone v. General Motors, Inc., D.C.N.J. (1962), 207 F.Supp. 336, 338–339 [1].

 This being what the evidence reveals factually, and the Congress having excluded payment of overtime compensation under the circumstances, the Court would be compelled to direct a verdict for the defendants at the conclusion of the plaintiffs' case, Sartor v. Arkansas Natural Gas Corp. (1944), 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, cited in Short v. Louisville and Nashville Railroad Company, supra, 213 F.Supp. p. 551 [4], and

it is pointless to allow this litigation to proceed further.[4]

Concluding, as a matter of law, that the plaintiffs are entitled to no relief, the Court hereby grants the motion of the defendants for a summary judgment.[5] The clerk will prepare, sign and enter, accordingly, a judgment dismissing the complaint herein.

---

3. The Wages and Hours administrator concluded with reference to these claims by the defendants' employees that "* * * there has been a custom or practice under the contract to exclude from working time [,] and not to pay for [,] clothes changing and wash-up time. * * *"

4. The plaintiffs made no claim at the pretrial conference that any amounts were due any of them for time spent in washing for purposes of decontamination from

and after March 10, 1964. Labor and management may expressly exclude clothes changing time from compensation as they have specifically done in said contract. Steiner v. Mitchell, supra, see headnote 5; also 100 L.Ed. at p. 279, fn. 5.

5. This result renders redundant any consideration of the issues of the applicability of the statute of limitations or the necessity of submission of the dispute to arbitration.