Cary **L.** HOOVER et al., Plaintiffs-
Appellants,

v.

WYANDOTTE CHEMICALS CORPORA-
TION, Defendant-Appellee.

No. 71–3017
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1972.

Patrick M. Reily, Samuel H. Collins, New Orleans, La., for plaintiffs-appellants.

William R. D'Armond, R. Gordon Kean, Jr., Baton Rouge, La., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

In the spring of 1964 defendant, Wyandotte Chemicals Corporation, was finalizing plans to initiate production at its G–2 chlorine plant in Geismar, Louisiana. Because of possible mercury contamination the company decided to require various employees in the G–2 chlorine plant to change into work clothes before commencing work and to change clothes and shower at the end of their shift. In April of 1964, company representatives met with officials of the Oil, Chemical, and Atomic Workers International Union, which has at all relevant times represented all production and maintenance employees of the company, to discuss problems concerning the new plant. At that time the question of payment for the time to be spent in changing clothes and showering was raised by

---

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

the union, but the company postponed discussion of the issue. One month later, as the company and the union initiated collective bargaining negotiations for a new labor contract, the defendant proposed that the operators involved be paid fifteen minutes overtime pay per day for the time spent changing clothes and showering. Though no express provision covering this matter was written into the labor contract, the system outlined by the company in negotiations was put into effect when the Geismar plant opened in July of 1964. When the 1964 collective bargaining agreement expired in 1966, the union made no attempt to change the company's practice concerning the time paid for clothes changing and showering, and the practice continued unaltered after a new labor contract was effectuated in 1966. Thereafter, in April, 1967, the defendant started up its new TDI plant at Geismar. Because the product of this new plant was poisonous, the company instituted the same clothes changing and showering policy that had been observed at the G–2 chlorine plant. While the union was aware of the introduction of this policy at the TDI plant, it never registered any objection to the company's application of the fifteen-minute rule to the new facility. Then, in April, 1968, some three weeks prior to the 1968 contract negotiations, the union contended that the fifteen minutes pay was inadequate and requested that the company alter its policy and pay twenty-three to twenty-five minutes of overtime compensation. The company rejected the union's request, but it did offer to increase the pay from fifteen to twenty minutes per day. The union rejected this offer. Subsequently, the union and the company entered into a collective bargaining agreement, which contained no express provision covering employee compensation for clothes changing and showering. However, the company continued to pay fifteen minutes, and this policy has remained unchanged since that time.

After the 1968 negotiations terminated with the company's fifteen-minute policy still in existence, the plaintiffs, all of whom are production and maintenance employees at either the G–2 or TDI plant in Geismar, brought suit in federal district court, claiming overtime compensation, liquidated damages, and attorneys' fees under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Essentially, plaintiffs claim that the time spent by them changing clothes and showering constitutes "hours worked" within the meaning of the Fair Labor Standards Act, and that they are entitled to compensation for the time spent in this regard, and not merely the amount of time that the defendant unilaterally assigns to complete this activity. The district court granted the defendant's motion for summary judgment and the plaintiffs appeal. We affirm.

Pervasive as the Fair Labor Standards Act is, its applicability is certainly not without exceptions. One of those exceptions, embodied in the Portal-to-Portal Act, is as follows:

"Hours Worked.—In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee."

29 U.S.C.A. § 203(o). Plaintiffs do not challenge the applicability of the above exception to the period between 1964 and 1968. In other words, they agree that prior to 1968 any time which the plaintiffs may have spent in excess of fifteen minutes per day to change clothes or to shower was excluded from working time by custom or practice under a collective bargaining agreement

within the meaning of section 203(o).[1] However, the plaintiffs do insist that in light of the negotiations preceding the 1968 agreement the custom or practice ceased to exist under the 1968 collective bargaining contract. Thus, the plaintiffs assert that the union's mere disavowal of the defendant's fifteen-minute policy in 1968 served to destroy the existence of any custom or practice, notwithstanding both the union's failure to press its demand to conclusion and the defendant's continuance of the fifteen-minute policy after the execution of the 1968 contract.

We are somewhat chagrined by the plaintiffs' assertion in this case. First, we find it difficult to conclude that the union's abandonment of its 1968 demand for twenty-three to twenty-five minutes of pay for clothes changing and showering did not amount to acquiescence in the defendant's long-standing fifteen-minute policy. More importantly, we think judicial approbation of the plaintiffs' position would constitute a holding that what a union fails to achieve through the process of collective bargaining will be delivered to it under the provisions of the Fair Labor Standards Act. The defendant in this case has shown a history of its dealings with the plaintiffs' union in exempting from payment any time exceeding fifteen minutes in which an employee spends changing clothes and showering. Furthermore, it has been shown that the collective bargaining negotiations between the union and the company encompassed the company's policy concerning payment for such activities. Against this factual background we consider it a logical interpretation of the Portal-to-Portal Act to conclude that section 203(o) precludes the plaintiffs from recovering overtime pay for any time exceeding fifteen minutes in which the plaintiffs were engaged in changing

clothes or showering. *See* Williams v. W. R. Grace & Co., E.D.Tenn.1965, 247 F.Supp. 433; Nardone v. General Motors, Inc., D.N.J.1962, 207 F.Supp. 336.

We recognize that great homage is due the Fair Labor Standards Act because of its remedial scope and function. Accordingly, we skepticize regarding its exceptions. The Act, however, is not limitless. In full knowledge that the Fair Labor Standards Act has great length and breadth, we conclude in the instant case that its terrain is not universal. Therefore, the judgment of the district court is affirmed.

Affirmed.

[1]. The parties in this case are in agreement that the activity engaged in by the plaintiffs at the defendant's plants is principal activity and not preliminary or post-

liminary activity under the rule established in Steiner v. Mitchell, 1955, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267.