UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 00-10847
_____


RICHARD BEJIL, JR.; DAMIEN COOPER; GWEN HARRIS;
DEBORAH K. JUAREZ; MARY LOU GARCIA; ET AL.,

Plaintiffs-Appellants,


VERSUS


ETHICON, INC.,

Defendant-Appellee.


----------------------------------------


CARMEN AGUIRRE; SYLVIA AGUIRRE; JANIE CARDENAS;
CAROLYN J. DAVIS; BENNY T. CRUZ; ET AL.,

Plaintiffs-Appellants,


VERSUS


ETHICON, INC.,

Defendant-Appellee.


Appeal from the United States District Court
For the Northern District of Texas

October 2, 2001

Before JONES, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

Employees of Ethicon, Inc. ("Ethicon"), a maker of surgical sutures and needles, sued Ethicon under the Fair Labor Standards Act ("FLSA"), alleging that Ethicon illegally failed to pay them for time spent donning and doffing clothing before and after work. The Ethicon employees originally filed their suits as two separate actions under the names of Richard Bejil, et al. and Carmen Aguirre, et al., and the district court consolidated the two actions. These unionized employees are paid wages pursuant to a collective bargaining agreement between Ethicon and Local 514-T. The district court granted Ethicon's motion for summary judgment and denied plaintiffs' motion for partial summary judgment on the basis that 29 U.S.C. § 203(o) was applicable. Additionally, the district court concluded that the parties need not have addressed the issue in collective bargaining negotiations or in the language of their bargaining agreement for this section of the FLSA to apply and that Ethicon's policy was a custom and practice under the collective bargaining agreement. The plaintiffs now challenge the grant of summary judgment on appeal.

## BACKGROUND

Over the course of the last decade, Ethicon has gradually increased the sanitary regimen it requires of employees before

2

working. Such a regimen decreases the bioload (amount of biological materials) to which the product is exposed. In 1991, it began requiring outer garments over street clothing and hair for workers in certain buildings. Ethicon increased its regimen in 1997 and 1998 in order to qualify for an ISO 9000 certification, which it needed to sell its products in Europe. By 1998, all employees had to wear a lab coat, hair covers, facial hair covers where applicable, and shoe covers or "dedicated shoes," shoes kept in an assigned shoe locker and worn only in the facility.

Employees must put on their sanitary garments before clocking in for their shift, remove them before lunch, put them back on before the afternoon work period, and remove and store them before leaving. Ethicon allows 36 minutes for lunch, and six of those minutes are paid to compensate for the time necessary to gown and degown. The company does not, however, compensate its workers for time spent donning and doffing protective coverings when arriving and leaving the plant.

Ethicon and the employees' union, the Local 514-T (the "Union"), have addressed the issue of compensation for the time required to don and doff protective coverings on several occasions. In 1996-97, the Union initiated grievance proceedings to obtain a clock in gowning areas.[1] Ethicon bargained with the Union over

---

[1] Apparently, the employees wanted a clock for punching in so that they could be compensated for the time spent in the gowning area.

3

compensation for gowning time, and the Union eventually withdrew its proposal. The Union resurrected the issue in 1999, requesting back pay for the previous three years in addition to pay for gowning time in the future. Ethicon refused and the employees brought suit.

## DISCUSSION

**Standard of review**

A grant of summary judgment is reviewed *de novo*. ***Hanks v. Transcon. Gas Pipe Line Corp.***, 953 F.2d 996, 997 (5th Cir. 1992). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. ***Celotex v. Catrett***, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment has been made, a non-movant plaintiff must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists for every element of a claim. ***Fontenot v. Upjohn Co.***, 780 F.2d 1190, 1196 (5th Cir. 1986). For summary judgment purposes, all evidence produced by the non-movant is taken as true and all inferences are drawn in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255 (1986); ***Pitts v. Shell Oil Co.***, 463 F.2d 331, 335 (5th Cir. 1972).

4

**Plaintiffs' Waiver of Their Right to Compensation**
**Through Custom and Practice**

Under 29 U.S.C. § 203(o), the time spent changing clothes is to be excluded from the measured working time if it has been excluded by custom or practice under a bona fide collective-bargaining agreement.[2] In the present case, the clothes changing issue was discussed in negotiations between Ethicon and the Union, but no agreement stated explicitly that the Union consented to Ethicon's nonpayment for the gowning time. Ethicon, however, only need prove that the parties had a "custom or practice" of noncompensation under the agreement. 29 U.S.C. § 203(o).

Precedent establishes that where the union and employer discuss an issue, the result may be custom or practice, even if the collective bargaining agreement is silent on the issue. In ***Arcadi v. Nestle Food Corp.***, 38 F.3d 672 (2d Cir. 1994), the Second Circuit found that where, as here, the union had requested compensation for changing time and the employer refused, and the final agreement did not compensate for changing time, a practice existed. ***Id***. at 675. Similarly, this court found a practice or

---

[2] 29 U.S.C. § 203(o) specifically states:
Hours Worked - In determining for the purposes of sections 206 and 207 of this title the hours for which an employee's employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

5

custom where the employer refused the union's demand to pay for clothes-changing time, and the collective-bargaining agreement did not mention the issue. *Hoover v. Wyandotte Chem. Corp.*, 455 F.2d 387, 389 (5th Cir. 1972). The court noted specifically that what a union failed to achieve through the process of collective bargaining would not be delivered to it under the provisions of the Fair Labor Standards Act. *Id.*

In the present case, the Union raised the issue of compensation for changing clothes in 1996-97. Ethicon then bargained with the Union over the issue and the Union eventually withdrew its proposal. As in *Hoover*, the defendants here have shown a history of its dealings with the plaintiffs' union and a history of noncompensation for clothes changing before and after work. The collective-bargaining negotiations between the Union and Ethicon encompassed the corporation's policy on this issue. By not incorporating compensation for clothes changing before and after work into the collective-bargaining agreement between Ethicon and the Union, nonpayment became the "custom and practice." Under the express terms of § 203(o), therefore, that time is excluded in computing compensation, and we need not address whether the time would be compensable in the absence of such "custom and practice."[3]

---

[3] The plaintiffs attempt to distinguish their case by claiming that the sanitary garments used in the present case are not "clothes" under § 203(o) and therefore, that section should not be applicable. The distinction plaintiffs make, however, is nonsensical. As the district court noted, Webster's defines

**Compensation for Hours Worked During Plaintiffs' Meal Break**

The plaintiffs contend that Ethicon forced employees to use their thirty-minute lunch break for gowning and degowning in violation of the FLSA. 29 C.F.R. § 785.19(a) ("The employee must be completely relieved from duty for the purpose of eating regular meals."). In its findings of fact, however, the district court found that the plaintiffs received 36 minutes for lunch, and six of these minutes were designated as paid time for gowning and degowning. The district court further found that although Ethicon had set procedures in place for complaining about discrepancies in the time actually worked and the time reported, no employee had ever reported that Ethicon's system of compensating employees for a 36-minute lunch period had forced the employee to lose lunch time due to gowning or degowning.

The plaintiffs assert that the district court erred in finding that six minutes is an adequate amount of time of paid compensation for changing clothes. A district court's "findings of fact . . . shall not be set aside unless clearly erroneous . . . ." Fed.R.Civ.P. 52(a). "A finding is 'clearly erroneous' when

---

"clothing" as "covering for the human body or garments in general." Webster's Third New Int'l Dictionary (1986). The plaintiffs here put on, among other things, (1) a lab coat; (2) dedicated shoes or shoe coverings; and (3) hair or beard coverings. These items all appear to fall under the definition of "clothes."

7

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). We find nothing in the record to suggest that the district court erred in its assessment of the facts.

**The Insutiffiency of the Plaintiffs' Complaint**

Plaintiffs appeal the district court's dismissal of their motion for summary judgment based on the complaint's failure to sufficiently provide notice of its additional claims. Plaintiffs' third amended complaint claimed that Ethicon's failure to pay FLSA-required wages was "included, but not limited to, failing to pay them for time spent donning and doffing clean room clothing." In their motion for summary judgment, plaintiffs claimed, for the first time, that they were entitled to compensation for additional work-related activities.

Whether a complaint gives reasonable notice of a claim is a "pure question of law." *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997). This court reviews questions of law *de novo*. *Williams v. Fab-Con, Inc.*, 990 F.2d 228, 230 (5th Cir. 1993). After reviewing the plaintiffs' complaint and the record we find that the plaintiffs did not plead their additional claims with sufficient specificity to put Ethicon on notice, and the district court did not err in dismissing them.

8

**The District Court's Error in Unfiling Consents to Sue**

The FLSA allows multiple employees to bring action against an employer on behalf of themselves and other employees similarly situated, but each employee must file a written consent to sue with the court. 29 U.S.C. § 216(b). Although certain consents were filed for individuals other than the named plaintiffs, the district court ordered that these consents be unfiled. Plaintiffs appeal this order. The Court need not reach this issue, however, because we find that the district court's grant of summary judgment was proper and rendered the filing issue moot.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above, we conclude that the district court did not err in granting summary judgment in favor of the defendant, Ethicon. We therefore AFFIRM the district court's decision.

**AFFIRMED.**