**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-60386
Summary Calendar

NEIL R. HARRISON; JULIA A. HARRISON

Plaintiffs-Appellants,

versus

OHIO CASUALTY INSURANCE COMPANY;
GREAT AMERICAN INSURANCE COMPANY;
CHANDLER-SAMPSON INSURANCE COMPANY, INC.;
AMERICAN NATIONAL FIRE INSURANCE COMPANY

Defendants-Appellees.

NEIL R. HARRISON; JULIA A. HARRISON

Plaintiffs-Appellants,

versus

CHANDLER-SAMPSON INSURANCE COMPANY, INC.;
STATE AUTOMOBILE INSURANCE COMPANY;
STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANIES

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(Consol. Nos. 3:98-CV-377 & 3:98-CV-493)

January 4, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Neil R. Harrison and Julia A. Harrison contest the district court's granting summary judgment on their claims against Defendants Ohio Casualty Insurance Company and State Automobile Mutual Insurance Company and State Auto Property and Casualty Insurance Companies (together, "State Auto"), and its dismissing their claims against Chandler-Sampson Insurance Company, Inc. We affirm.

## BACKGROUND

The Harrisons sold a house they manufactured to Fred L. McMillian, who then turned around and sued the Harrisons for breach of contract, negligence, fraud, and misrepresentation, among other bases, alleging that the Harrisons sold him a defective home. McMillian succeeded in his suit, which he brought in Mississippi state court. The Harrisons then brought the instant action against the above-named insurers, arguing that the Harrisons' policy with each mandated reimbursement for the judgment McMillian sustained against them. The suit was removed to federal district court in accordance with that court's diversity jurisdiction. The district court denied the Harrisons' motion to remand, agreeing that Chandler-Sampson, which like the Harrisons is domiciled in Mississippi, had been fraudulently

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

joined to defeat diversity of citizenship.  The court then granted Chandler-Sampson's motion to dismiss for failure to state a claim and later granted Ohio Casualty's and State Auto's motions for summary judgment.  The Harrisons made a timely appeal.

## DISCUSSION

Each action taken by the district court insofar as this appeal is concerned is reviewed de novo.  *See Bejil v. Ethicon, Inc.*, 269 F.3d 477, 479 (5th Cir. 2001)(reviewing de novo the district court's grant of summary judgment); *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 868 (5th Cir. 2000)(reviewing de novo the district court's order of dismissal for failure to state a claim); *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000)(reviewing de novo the district court's determination of its jurisdiction).

The Harrisons contend that Chandler-Sampson is responsible for its own conduct, and that the company is not shielded from liability as an agent of Ohio Casualty.  The Harrisons make much of this point because Chandler-Sampson's joinder would destroy diversity and thus require remand to Mississippi state court.  It is true that an agent generally is responsible for its own conduct.  *See* RESTATEMENT (SECOND) OF AGENCY § 343 (1958)("An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal. . .

-3-

.").  In Mississippi, however, "insurance agents and adjusters . . . are not liable for ordinary negligence in performing their duties on behalf of insurers."  *Jenkins v. Farmington Casualty Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997).  Although Mississippi law does provide that agents and adjustors can "incur independent liability when their conduct constitutes gross negligence, malice, or reckless disregard for the rights of others," *see id.* (internal quotations omitted), the Harrisons do not suggest that in this case Chandler-Sampson has committed any conduct of the sort.  We therefore affirm the district court's order of dismissal.

We also affirm the district court's granting Ohio Casualty's motion for summary judgment.  The Harrisons argue that the policy obtained by Service Air Heating & Air Conditioning Company (Service Air), a company in which the Harrisons are officers, directors, and sharholders, requires that Ohio Casualty defend and indemnify the Service Air employees and agents against any claim stemming from that company's business.  That much is apparently true, but we agree with the district court that the Harrisons were not insureds under Service Air's policy when they sold their house to McMillian.  The term "insured" under that policy covers the negligence of officers and directors only to the extent such persons are acting in their capacity as agents of the company.  The jury's findings regarding the Harrisons'

-4-

liability to McMillian, however, have nothing to do with the Harrisons' duties or work for Service Air. The jury found the Harrisons liable for breach of contract and of the implied warranty of merchantability and for negligence, but not for anything having to do with the Harrisions' securing a subcontract for Service Air. Ohio Casualty, therefore, is not contractually required to indemnify the Harrisons' for McMillian's claims against them.

Finally, we affirm the district court's granting State Auto's motion for summary judgment. The Harrisons lived in the subject house for over two years before they sold it to McMillian. During that occupancy, the Harrisons maintained homeowners insurance with State Auto. That policy, however, merely protected the Harrisons against liability to the extent they were living in the house, and even then specifically excluded coverage for cracking in the house's foundation, which is what McMillian was complaining of in the underlying suit.

CONCLUSION

The judgment of the district court is affirmed in all respects.