**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-50952**
**Summary Calendar**

_____

**RONNIE L. FERGUSON,**

**Plaintiff-Appellee,**

**versus**

**UNITED STATES OF AMERICA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-00-CV-482-SS)**

_____

April 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A bench trial having been held on 23 July 2001, following which the court found that Ronnie Ferguson's conduct was the sole proximate cause of the injuries he suffered in a woodworking shop accident at the Apache Arts & Crafts Center at Fort Hood, Texas, Ferguson contends: the district court abused its discretion by excluding Ferguson's expert (designated almost three months subsequent to the deadline for designating experts and only three weeks prior to trial); the findings of fact were clearly erroneous,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

see FED. R. CIV. P. 52(a); and Ferguson was not the sole proximate cause of his injuries.

Exclusion of the expert was not an abuse of discretion. *See Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989) (four factors to consider: importance of witness' testimony; prejudice to the United States; possibility of curing prejudice by granting continuance; and explanation for late designation). On 29 November 2000, Ferguson was given four months to conduct discovery and designate experts. Not only would the late designation severely prejudice the United States' ability to prepare a defense and properly cross-examine this expert without an opportunity to depose him, but also Ferguson's explanation is not believable. Further, granting a continuance would have only served to defeat the purposes of the Federal Rules of Civil Procedure. Finally, Ferguson admitted that his expert's testimony would corroborate his own.

A finding of fact is clearly erroneous only when, after reviewing the entire record, we are left with the definite and unmistakable conviction that an error has been committed by the district court. *See, e.g., Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481-82 (5th Cir. 2001); *see* FED. R. CIV. P. 52(a). Pursuant to this standard, we cannot conclude that the findings of fact at issue are clearly erroneous. Ferguson had extensive general woodworking experience and was qualified to use the shaper (the woodworking equipment involved in the accident). The negligence finding is supported by facts showing: Ferguson was fighting the force of

2

gravity when using the shaper; and his cutting technique caused his injury. Nothing in the record demonstrates the court committed clear error by accepting the United States' explanation for the accident over Ferguson's. *See* **St. Martin v. Mobil Exploration & Producing U.S., Inc.**, 224 F.3d 402, 408 (5th Cir. 2000); **Glass v. Petro-Tex Chem. Corp.**, 757 F.2d 1554, 1559 (5th Cir. 1985).

The court did not err in finding Ferguson's actions were the sole proximate cause of his injuries. **Kona Tech. Corp. v. Southern Pac. Transp. Co.,** 225 F.3d 595, 601 (5th Cir. 2000). The court found: the United States was negligent; but, Ferguson's failure to exercise reasonable care was the sole proximate cause of his injuries. *See, e.g.,* **Wal-Mart Stores, Inc. v. Gonzalez**, 968 S.W.2d 934, 937 (Tex. 1998) (failure to prove facts sufficient to support a cause of action warrants a take-nothing judgment); **Glenn v. Prestegord**, 456 S.W.2d 901, 903 (Tex. 1970) (to recover, the defendant's negligence must be a proximate cause of the injury).

**AFFIRMED**