**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 31, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 04-20983

(Summary Calendar)

————————

CYNTHIA A RAMON

Plaintiff - Appellant,

v.

CONTINENTAL AIRLINES INC

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 4:03-CV-1056

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Cynthia A. Ramon ("Ramon") appeals the district court's summary judgment in favor of

Continental Airlines, Inc. ("Continental") on various employment discrimination claims. Ramon, a

48-year-old American-born Hispanic female, worked for Continental for twenty-three years as a

_____

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

check-in agent in the Reservations Department. After being alerted to bookings in violation of company policies, Continental commenced an investigation. Three members of Continental's Security Department interviewed Ramon for two and one-half hours. Ramon admitted to having violated company policies by asking fellow employees David Cooper and Richard Arbaney to secure favors for her friends and family. Continental determined that it suffered $43,329 in lost revenue as a result of Ramon's actions. Continental terminated Ramon and Cooper, but permitted Arbaney to retire because of his age.

Ramon filed this suit alleging claims of national origin and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), and intentional infliction of emotional distress. The district court granted summary judgment for Continental, and Ramon timely appealed *pro se.*

Ramon initially contends that the district court erred in striking three affidavits she submitted in opposition to Continental's motion for summary judgment. We review the district court's ruling on the admissibility of evidence for an abuse of discretion. *United States v. Lopez-Moreno*, 420 F.3d 420, 434-35 (5th Cir. 2005). Ramon submitted the affidavits of her coworkers Melissa Smith, Lisa Perez, and Barbara Buck, which were all nearly identical. They each state that based on the affiants' "opportunity to observe Continental Airlines [sic] actions . . . Continental Airlines terminated [Ramon] on account of her" age, national origin, and sex, that Ramon's termination was "pretextual," and that Continental permitted "certain employees outside Cynthia A. Ramon's protected categories . . . to resign voluntarily with significant benefits, under the same or virtually similar circumstances." The district court excluded each of these affidavits because they contained "no more than conclusory

2

allegations and legal conclusions."

"Unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotations omitted). Because the affidavits submitted by Ramon contained nothing but legal conclusions, the district court was well within its discretion in striking them.

On the merits, Ramon argues that the district court erred in granting summary judgment for Continental on each of her claims for relief. We review a grant of summary judgment *de novo*. *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 434 (5th Cir. 2005). We affirm only when there is no issue of material fact and the movant is entitled to judgment as a matter of law. *Id.*

Title VII prohibits an employer from terminating an employee based on her national origin, 42 U.S.C. § 2000e-2(a)(1), and the ADEA prohibits similar treatment on account of the employee's age. 29 U.S.C. § 623(a)(1). Ramon claims that Continental provided preferential treatment to three other employees: Richard Arbaney (a 62-year-old white male), Elsa Lakey (a 56-year-old white female), and Jo Anna Couch (a 57-year-old white female). Ramon contends that Arbaney and Lakey were given preferential treatment because they were allowed to remain on the job for up to six months, thereby permitting them to become eligible for voluntary retirement. She further contends that Couch was not fired at all. Ramon, however, was not allowed to retire or remain on the job. Ramon argues that this circumstantial evidence satisfies her initial burden on summary judgment under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To satisfy that burden, she must proffer evidence that a similarly situated employee from outside the protected class was not subjected to the adverse employment action. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir.

3

2005).

The undisputed evidence in this case reveals that neither Arbaney, Lakey, nor Couch was similarly situated to Ramon. Ramon was younger and not as close to being eligible for retirement as were Arbaney and Lakey, and there is no evidence that Continental uncovered any wrongdoing by Couch. These differences between Ramon's situation and that of her comparators justified the differential treatment,[2] and Ramon cannot demonstrate that she was "similarly situated" to them. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (affirming summary judgment where "the striking differences between the two men's situations more than account for the different treatment they received"); *see also Nelson v. Gen. Elec. Co.*, 2 Fed. Appx. 425 (6th Cir. 2001) (unpublished) (holding that younger employee not similarly situated to older employee who committed similar infraction and was allowed to remain on job for a few extra months and obtain retirement eligibility); *Thomas v. Hilts*, No. 224690, 2002 WL 234757, at *4 (Mich. App. Feb. 15, 2002) (unpublished) (holding that plaintiff who was not of retirement age and comparator who was of retirement age were not similarly situated where comparator was allowed to voluntarily retire while plaintiff was terminated).

Ramon next contends that the conduct of Continental's Security Department in investigating her malfeasance amounted to the intentional infliction of emotional distress. To succeed on her claim, Ramon must prove that Continental engaged in conduct "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 136 (5th Cir.

---

[2] Discrimination in favor of older members of the ADEA protected class is not a violation of the statute. *Gen. Dynamic Land Sys., Inc., v. Cline*, 540 U.S. 581 (2004).

2004). Ramon argues that the interview was distressing, Continental did not provide her with warnings consistent with *Miranda v. Arizona*, 384 U.S. 436 (1966), and that she suffered financial difficulty as a result of losing her job.

Ramon has failed to proffer evidence that Continental's conduct in questioning her or its decision to terminate her was sufficiently outrageous to remove this case from the realm of ordinary employment disputes. The only evidence in the record that the conversation was anything but amicable is Ramon's deposition testimony, "[T]hey were threatening me with prosecution and stating that we will help you keep your job if you can just state that these are the things that we see from the evidence that has happened." She further testified that she was "under extreme emotional duress," in a "delicate situation," and that Continental had no right to question her about the matter at all. There is no evidence, however, that Ramon required medical or psychiatric care as a result of her questioning, that any Continental employee yelled at her or touched her, or that the method of questioning used by Continental was out of the ordinary. Contrary to Ramon's contention, Continental was not required to provide warnings regarding her right against self-incrimination; *Miranda*'s requirements do not apply to questioning by a private citizen. *United States v. Borchardt*, 809 F.2d 1115, 1118 (5th Cir. 1987). Although we recognize that Ramon's termination was unpleasant, Continental's conduct does not "exceed all possible bounds of decency." *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) (investigation of employee's alleged theft was not outrageous where employer questioned employee in severe tone and did not explain the facts); *Wornick Co. v. Casas*, 856 S.W.2d 732, 735-36 (Tex. 1993) (firing employee with no notice in a manner that could be expected to cause humiliation not outrageous).

Ramon raises in this court for the first time a claim under the Family and Medical Leave Act

5

("FMLA"), 29 U.S.C. § 2612. She neither pled an FMLA claim in her complaint nor argued in support of such a claim in the district court. A plaintiff may not raise a claim for relief for the first time in a brief on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341 (5th Cir. 1999) (holding that court will not consider issue raised for first time on appeal). Rather, the claim must be pled in the complaint. *See* FED. R. CIV. P. 8 (describing general rule of pleading); *Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481 (5th Cir. 2001) (stating that complaint must place defendant on notice of claims for relief).

For the foregoing reasons, we AFFIRM the judgment of the district court.