United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-31089

———————————————

CHADWICK E. WELLS,

                                  Plaintiff-Appellant,

versus

CITY OF ALEXANDRIA, ET AL.,

                                  Defendants,

CITY OF ALEXANDRIA; JOHN HAMERNICK; WILLIAM GERARD ALWELL,

                                  Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CV-01686

———————————————

Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    After Chadwick Wells filed various claims against defendants, the City of Alexandria and some of its employees, the district court granted summary judgment to defendants and later awarded them attorneys fees and costs. Wells appeals the award of fees and costs. We reverse in part and remand in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On August 16, 2001, plaintiff Chadwick Wells filed an action in Louisiana state court against his former employer, the City of Alexandria, and two of his former supervisors, John Hamernick and Gerard Alwell.  Wells, an employee of the City electric department, alleged in the complaint that defendants intentionally ordered him to perform duties that exceeded his doctor's post-knee surgery restrictions, exacerbating his injuries and causing him to miss a physical therapy appointment.  Although he never referenced the Americans with Disabilities Act, he mentioned his "disability" four times and stated that Hamernick and Alwell "deliberately did not accommodate" his disability.  Although he never referenced § 1983, he claimed that defendants' actions were "intentional and discriminatory towards him."  The parties agree that he claimed under Louisiana law an intentional tort and constructive discharge, and under a whistleblower statute,[1] for acts in reprisal for reporting that defendants wrongfully received roofing material from a city contractor.  Wells also sought attorneys fees.  Fees are recoverable under the ADA and § 1983, but not under any of the Louisiana causes of action.

Defendants removed to federal district court on the grounds that Wells's complaint alleged violations of the ADA and § 1983. Wells did not move to remand.

---

[1] LA. REV. STAT. ANN. 23:967 (2005).

Defendants then moved for summary judgment, alleging that: 1) Wells did not timely assert a claim under the ADA or seek an administrative remedy as required by that statute; 2) Wells did not meet other requirements of the ADA; 3) Wells had no right under the whistleblower statute because he did not advise the City of any violation of the law, because defendants did not violate any law, and because there was no proof that defendants acted in reprisal; and 4) Wells had no claim for an intentional tort because defendants' actions were not "substantially certain" to cause Wells harm. The City also argued that any illegal acts by Hamernick and Allwell were outside the scope of their employment. Wells responded that there were genuine issues of material fact as to the state claims. He specifically disavowed making any federal claims, noting that he did not contest federal jurisdiction after removal because there was diversity jurisdiction.

The district court granted defendants' motion on July 15, 2003. It held that Wells had abandoned any ADA or state law disability claims he may have made initially; it did not mention § 1983. The court dismissed the remainder of Wells's state claims on various grounds.

Wells appealed on July 30, 2003. Prior to oral argument, in response to a request from this court for letter briefing concerning the subject matter jurisdiction of the district court, Wells stated that while he never made federal claims, diversity jurisdiction existed. We affirmed the summary judgment on April

3

29, 2004, observing that, "insofar" as Wells initially asserted ADA or other federal claims, he had abandoned them on appeal.[2] We denied rehearing on May 24. Wells's cert petition was denied on November 29.

On May 13, while the petition for rehearing was pending, defendants filed a joint motion for fees and costs, claiming $109,540.86 in fees and $3,306.45 in costs as prevailing parties on the federal claims.

Wells opposed the motion, denying that he ever claimed under the ADA or § 1983 and contending that the joint motion, filed 303 days after the court granted summary judgment, was untimely under Federal Rule 54(d) and Local Rule 54.3 and that his claims were not frivolous, unreasonable, or without justification, as the statutes require. He also urged that defendants were not entitled to costs for depositions not filed in evidence and taken solely for investigative purposes and that defendants failed to comply with this court's requirements for substantiating the amount of fees and costs. The district court granted defendants' motion on September 17, 2004, rejecting Wells's first four arguments. Finding "some" merit in Wells's fifth argument, that defendants had not substantiated the amount of their fees and costs, the court *sua sponte* gave defendants ten business days to submit an itemized list of fees and costs. The order did not indicate if or when Wells

_____

[2] The court did not make further inquiry about federal jurisdiction.

4

should oppose the filing.

Hamernick submitted his list on September 27 and Alwell and the City submitted theirs on September 30. On October 8, without a response from Wells, the court granted defendants all that they asked for: $109,540.86 in fees and $3,306.45 in costs. Wells appeals from this order, arguing essentially the same points as he did in front of the district court and, additionally, that the district court erred in calculating the amount of fees and costs and erred in not allowing him an opportunity to respond to defendants' submission regarding that amount.

II

Although we have concerns about the timeliness of defendants' motion for fees, we do not decide that issue because we conclude, reviewing *de novo*,[3] that Wells did not claim under the ADA or § 1983, the only statutes under which defendants did (or could have) asked for fees.

The allegations in Wells's complaint control here.[4] And in that complaint Wells never mentioned the ADA, § 1983, or any of their respective requisite allegations - such as action under color of law, the denial of a constitutional or statutory right, that he

---

[3] *Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481 (5th Cir. 2001) (holding that under what law a plaintiff claims in a complaint is a question of law).

[4] *See Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1028 n.1 (S.D.N.Y. 1996) (holding that the complaint "frames and limits the issues"); *cf. John Corp. V. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (holding that the first step in a § 1983 is case is to determine what the complaint alleges).

5

was a member of a suspect class, that he received a right to sue letter from the EEOC, or that he was disabled or "substantially limited" in an activity.[5]  Although the complaint is vague, requiring some divination to determine what it alleges,[6] it is more reasonable to construe it as claiming violations of state law, especially Louisiana retaliation law.[7]

Furthermore, in construing the complaint we can look to the parties' course of conduct.  Wells explicitly disavowed making any ADA or § 1983 claims in his response to defendants' motion for summary judgment – before the district court ruled on whether Wells had any viable claims.[8]  Defendants argue that they stated their

---

[5] While he alleged "discrimination," that could easily mean that he was discriminated against because he reported his supervisors' conduct, for which he was retaliated against – not because he was disabled or a member of any other identifiable group.  That one word is insufficient to turn a complaint into a § 1983 complaint.  And, while he mentioned his "disability" and the lack of "accommodation" for it, that could easily refer to the means by which he was retaliated against – that his supervisors allegedly exacerbated his injuries.  Bare mention of the words "disability" and "accommodation" is insufficient to turn a complaint into an ADA complaint.

[6] There is tension in the district court's decision.  The court, in concluding that Wells's claims were "frivolous, unreasonable, or without foundation," such that fees could be awarded, *Dean v. Riser*, 240 F.3d 505 508 (5th Cir. 2001); *Buckhannon Bd. & Care Home, Inc. V. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602-03 (2001) (applying the § 1983 standard to ADA cases), focused on the complaint's lack of specific allegations sufficient to state an ADA or § 1983 claim, not just the lack of actual factual basis.  But, in concluding that the complaint stated an ADA or § 1983 claim, the court held that such specific allegations were unnecessary.  In the end, we conclude that Wells's alleged ADA or § 1983 claims were clearly "without foundation" because he never made them.

[7] The district court, in granting summary judgment on any possible state law disability claim, noted Wells's focus on retaliation.

[8] While acknowledging that Wells disavowed such claims, defendants contend that Wells "cited" federal law in the same response.  But Wells's citation to federal cases related to his constructive discharge claim – a state claim – not any alleged ADA or § 1983 claim.  And the federal cases he cited were construing Louisiana constructive discharge law, not federal law.  We also note that Wells

6

intention to file for fees under the ADA and § 1988 in their answers and that Wells "abandoned" his federal claims in his response to their motion for summary judgment because he realized they were fruitless.  But the plaintiff is the master of his complaint,[9] and defendants cannot restate his claims, consistently recasting the claims against the plaintiff's consistent opposition.[10]

Defendants' best argument, and it is flimsy,[11] is that Wells himself, in requesting fees in his complaint, must have claimed under the ADA or § 1983 since his other claims did not provide for fees.  This is too large a leap in logic, and we decline to take it.

---

never conceded federal question jurisdiction by failing to contest removal because it was clear that diversity jurisdiction existed over his state law claims:  Wells acknowledged the existence of diversity jurisdiction in his brief to this court on the first appeal, and this court found that diversity jurisdiction existed.

[9] *See BP Chemicals, Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002) (holding that plaintiff controls what the complaint contains, even where jurisdiction is not at issue).

[10] We note, for example, that Wells argued on first appeal that he made no federal claims, but defendants still devoted part of their brief to contesting alleged ADA and § 1983 claims.

[11] Defendants also contend that the district court, in ruling on summary judgment, found that Wells made ADA and § 1983 claims.  Although this would not be controlling even if true, it is not.  In ruling on the motion for summary judgment, the district court stated that, "[a]lthough some of the allegations in Well's petition for damages *could be construed* as stating a claim under the ADA, Well's rejection of the notion that he is bringing an ADA claim provides sufficient basis for granting the defendants' motion for summary judgment on this particular issue" (emphasis added).  It did not mention § 1983.  That court, like this one on the first appeal, held that *even if* Wells had made federal claims, he had abandoned them; it did not decide the issue.  The district court's contrary construction of its prior holding in its order granting fees and costs is incorrect.

We conclude that Wells claimed only under state law, not the ADA or § 1983. As a result, we reverse that portion of the district court's order awarding fees to defendants.

III

We must still address the issue of costs. Under Federal Rule of Civil Procedure 54(d), the prevailing party usually is awarded costs. Here, the district court, concerned that defendants had not substantiated their amount of costs, *sua sponte* gave defendants ten business days to clarify their costs and awarded costs eight days after the last defendant submitted his list. Wells complains about the lack of opportunity to respond to defendants' submission, stating that he would have argued that defendants were not entitled to the cost of depositions not filed in court and taken solely for "investigative" purposes.

The record is not clear about the events leading to the decision on the bill of costs. It does not reflect that Wells received notice. Without attempting to resolve that question, we vacate the award and remand the case to the district court to consider Wells's objection.

For the foregoing reasons, we REVERSE the award of attorneys fees to defendants, VACATE the award of costs, and REMAND for reconsideration of costs upon plaintiff's filing his opposition.

8